UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN WESNEL RENE, | No. 1:26-cv-03793-DJC-CKD |
| Petitioner, | |
| v. | RELEASE ORDER |
| WARDEN, | A# 234-385-941 |
| Respondents. | |

Petitioner Jean Wesnel Rene is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2).  The Court has previously addressed the legal issues raised in the Petition.  *See M.B. v. Noem*, 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026); *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan 30, 2026).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 7.) "Respondents note that there does not appear to be any substantive factual or legal issues in this case that materially distinguish it from the cases identified in the Court's

1

Order."[1]  (ECF No. 9 at 2.)  Neither party objected to the Court ruling directly on the merits of the petition.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Jean Wesnel Rene from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days of Petitioner's release, confirming Petitioner's release.

Petitioner Motion to Proceed In Forma Pauperis (ECF No. 4) is GRANTED.

---

[1] In their Response, the Government included a request that "[s]ince Petitioner was not previously on supervision, if the Court orders Petitioner to be released, the Court should not enjoin ICE from imposing reasonable conditions of supervision . . . ."  (ECF No. 9.)  As best the Court can tell, this request was included in error as Petitioner was apparently previously released on humanitarian parole. The cases cited by the Court, which Respondents concede are not martially distinguishable from the present case, similarly concern re-detention of individuals previously release on parole.  Accordingly, the Court will not grant this request.

The Clerk of the Court is directed to serve Golden State Annex with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 22, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE